El Pueblo de Puerto Rico, demandante y apelado, *v.*
Alfredo Padilla, acusado y apelante.

No. 2608.—*Resuelto:* Noviembre 6, 1925.

Derecho Penal—Apelación y Error y Certiorari—Récord y Procedimientos que no Están en Récord—Transcripción de la Evidencia.—De acuerdo con el artículo 356 del Código de Enjuiciamiento Criminal, como quedó enmendado por ley de 1925 (p. 109), no procede, en apelación, conceder permiso para convertir una transcripción taquigráfica de la evidencia en exposición del caso, cuando el apelante no ejercita en tiempo su derecho.

Moción solicitando permiso para convertir transcripción de la evidencia en exposición del caso para elevarlo al Supremo. *Sin lugar.*

*Rafael Sancho Bonet,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

. El 3 de agosto último quedó archivada la transcripción en este caso compuesta de copias certificadas de la acusación, de la sentencia y del escrito de apelación. El recurso se interpuso el 24 de septiembre de 1924.

El 25 de agosto de 1925 el apelante presentó un escrito que en lo pertinente dice:

"Que el mismo día en que se le dictó sentencia, el acusado interpuso recurso de apelación para ante este Hon. Tribunal, habiendo el abogado que suscribe, en representación del acusado, tratado con el taquígrafo de la corte sentenciadora el importe fijado por dicho señor para la preparación y transcripción del récord taquigráfico y la exposición del caso, el importe de cuyo trabajo recibió el referido taquígrafo de manos del acusado.

"Que transcurrido algún tiempo el abogado que suscribe tuvo noticias por el propio taquígrafo de haberse radicado en la corte

inferior una transcripción de la evidencia para ser elevada a este tribunal formando parte de la transcripción de los autos.

"Que allá por el día 3 de agosto de 1925 el Secretario de la Corte del Segundo Distrito Judicial de San Juan remitió ante este Hon. Tribunal la transcripción de los autos del presente caso, sin que en ella incluyera la transcripción de la evidencia.

"Que habiendo el abogado que suscribe inquirido del Secretario de la corte sentenciadora la causa por la cual no fué remitida a este Tribunal la transcripción de la evidencia, dicho funcionario manifestó que la causa de ello obedeció a que la ley no le facultaba para elevar en casos criminales, una transcripción de la evidencia en lugar de una transcripción del caso.

"POR TALES CONSIDERACIONES, el abogado que suscribe al Hon. Tribunal suplica se sirva concederle permiso para convertir la transcripción de la evidencia, constante en la corte inferior, en una exposición del caso, y una vez así convertido elevarla a este Hon. Tribunal. . . . ."

Cuando la apelación se interpuso regía el art. 356 del Código de Enjuiciamiento Criminal tal como fué enmendado en 1908. Comp. 1911, p. 1040. Dicho artículo prescribe de modo claro y terminante el procedimiento que debe seguirse. Impone la obligación al secretario del tribunal sentenciador de elevar determinados documentos "si los hubiere." Si el apelante deseaba que se revisara la prueba, era necesario que preparara por sí mismo la "relación de hechos" o el "pliego de excepciones" en la forma que la ley y la jurisprudencia determinan y los incorporara a los autos.

Aun cuando se estimara aplicable la enmienda de 1925 al art. 356 del Código de Enjuiciamiento Criminal a que nos hemos referido en el caso de *El Pueblo* v. *Rivera*, decidido hoy, siempre resultaría que el apelante no ejercitó en tiempo su derecho de acuerdo con los términos de dicho artículo enmendado.

A virtud de todo lo expuesto, *la moción del apelante debe ser declarada sin lugar.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.